## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PA PAH PRODUCTIONS, INC. & ELGIN BAYLOR LUMPKIN p/k/a GINUWINE, | ) ECF Case<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 08 CV 0391 (AKH)<br>)<br>) |
| v. | )<br>) **ANSWER TO**<br>) **COUNTERCLAIMS** |
| KING MUSIC GROUP, INC., KING MUSIC GROUP, LLC, M&A HOLDINGS, LLC, MICHAEL BOURNE & DOES 1-10, inclusive, | )<br>)<br>)<br>) |
| Defendants. | |

## ANSWER TO COUNTERCLAIMS

Plaintiffs Pa Pah Productions, Inc. and Elgin Baylor Lumpkin p/k/a Ginuwine (together "Counter-defendants"), and within the time proscribed by the Federal Rules of Civil Procedure and this Court's March 28, 2008 Order, hereby answers the Counter-complaint of King Music Group, LLC and Michael Bourné (collectively, "Counterclaimants") for preliminary and permanent injunction, impoundment and destruction, accounting, constructive trust, breach of contract, breach of duty of good faith and fair dealing, unjust enrichment, rescission and declaratory judgment, and admits, denies and alleges as follows:

87.    Counter-defendants deny the allegations of paragraph 87, and specifically deny that Counter-defendants "performed no services under the Recording Agreement" as it was Counterclaimants who, despite repeated requests to comply with the funding requirements of the Recording Agreement, expressly refused to provide the necessary funding for Counter-defendants to record the album as called for by the Recording Agreement.

88.    Counter-defendants deny the allegations of paragraph 88.  Counter-defendants further deny that they "coerce[ed] Mr. Bourne to advance money and property to which they were not contractually entitled under the applicable agreements," as the "applicable agreements"- i.e. the Recording Agreement and Settlement Agreement, attached as Exhibits "A" & "C" to the Complaint - speak for themselves.

89.    Counter-defendants deny the allegations of paragraph 89, and further state that, if any such requirement existed, which Counter-defendants expressly deny, Counterclaimants waived any requirement that a Co-Publishing Agreement be executed prior to their performance under the Recording Agreement, and, in any event, commenced performance under the Recording Agreement without demanding same.

90.    Counter-defendants deny the allegations of paragraph 90, and further state that Counterclaimants waived any requirement that a Co-Publishing Agreement be executed prior to their performance under the Recording Agreement, and, in any event, commenced performance under the Recording Agreement without demanding same.

91.    Counter-defendants deny the allegations of paragraph 91, and further state that Counter-defendants are excused from any obligations under the Recording Agreement as a result of Counterclaimants' breach of material term(s) of the Settlement Agreement, as it relates to the Recording Agreement.

92.    Counter-defendants deny the allegations of paragraph 92.

93.    Upon information and belief, Counter-defendants admit the allegations of paragraph 93.

94.    Counter-defendants lack sufficient information or belief on which to answer the allegations of paragraph 94 and, on that ground, deny the allegations. Counter-defendants further state that the Recording Agreement and Settlement Agreement that are the subject of the Counterclaims were executed by Mr. Bourne on behalf of King Music Group, Inc.

95.    Counter-defendants admit the allegations of paragraph 95.

96.    Counter-defendants admit the allegations of paragraph 96.

97.     Counter-defendants lack sufficient information or belief on which to answer the allegations contained in the first and third sentences of paragraph 97 and, on that ground, deny the allegations.  As to the second sentence of paragraph 97, Counter-defendant admits only that he is acquainted with Darrin Sherry, and denies the remaining allegations of the second sentence of paragraph 97.

98.     Counter-defendants lack sufficient information or belief on which to answer the allegations of paragraph 98 and, on that ground, deny the allegations.

99.     Counter-defendants admit only that Messrs. Lumpkin, Sherry and Morales met with Michael Bourne at his office in Memphis, Tennessee in the first quarter of 2007.  Counter-defendants lack sufficient information or belief on which to answer the allegations contained in the second sentence of paragraph 99 and, on that ground, deny the allegations.

100.   Counter-defendants lack sufficient information or belief on which to answer the allegations of paragraph 100 and, on that ground, deny the allegations.

101.   Counter-defendants admit only that, on or about May 8, 2007, Counter-defendant Pa Pah Productions entered into a Recording Agreement with King Music Group, Inc., and the terms of the agreement speak for itself.  Counter-defendants deny the remaining allegations of paragraph 101.

102.   Counter-defendants admit that the Recording Agreement is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 102 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 102 to the extent that they are inconsistent with Exhibit "A."

103.   Counter-defendants admit that the Recording Agreement is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 103 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 103 to the extent that they are inconsistent with Exhibit "A."

104.   Counter-defendants admit that the Recording Agreement, containing the "Inducement Letter," is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 104 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 104 to the extent that they are inconsistent with Exhibit "A."

105.   Counter-defendants admit that the Recording Agreement, containing the "Inducement Letter," is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 105 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 105 to the extent that they are inconsistent with Exhibit "A."

106.   Counter-defendants admit that the Recording Agreement, containing the "Inducement Letter," is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 106 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 106 to the extent that they are inconsistent with Exhibit "A."

107.   Counter-defendants admit that the Recording Agreement is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 107 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for

itself, and Counter-defendants deny the allegations contained in paragraph 107 to the extent that they are inconsistent with Exhibit "A."

108.   Counter-defendants admit that the Recording Agreement is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 108 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 108 to the extent that they are inconsistent with Exhibit "A."

109.   Counter-defendants admit that the Recording Agreement is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 109 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 109 to the extent that they are inconsistent with Exhibit "A."

110.   Counter-defendants deny the allegations of paragraph 110 and further states that: (1) Counterclaimants never initiated, requested or participated in "good faith negotiations" for the execution of a Co-Publishing Agreement with Counter-defendants, thereby failing to satisfy a condition precedent for their ability to terminate the Recording Agreement; (2) Counterclaimants commenced

performance under the terms of the Recording Agreement, thereby waiving any right to insist upon the terms of paragraph 9 of the Recording Agreement; and (3) Counterclaimants never exercised any (purported) right to terminate the Recording Agreement.  Furthermore, to the extent that the allegations contained in paragraph 110 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 110 to the extent that they are inconsistent with Exhibit "A."

111.   Counter-defendants admit that the Recording Agreement is attached to the Complaint as Exhibit "A."  To the extent that the allegations contained in paragraph 111 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 111 to the extent that they are inconsistent with Exhibit "A."

112.   Counter-defendants lack sufficient information or belief on which to answer the allegations contained in the first sentence of paragraph 112 and, on that ground, deny the allegations.  Counter-defendant denies the remaining allegations of paragraph 112 and further states that the terms of the ownership of the "Rolls

Royce" were embodied in the Settlement Agreement executed by the parties,

attached to the Complaint as Exhibit "C," and the terms of which speak for itself.

113.   Counter-defendants lack sufficient information or belief on which to

answer the allegations of paragraph 113 and, on that ground, deny the allegations.

114.   Counter-defendants deny the allegations of paragraph 114 and further

states that: (1) Counterclaimants never initiated, requested or participated in "good

faith negotiations" for the execution of a Co-Publishing Agreement with Counter-

defendants, thereby failing to satisfy a condition precedent for their ability to

terminate the Recording Agreement; (2) Counterclaimants commenced

performance under the terms of the Recording Agreement, thereby waiving any

right to insist upon the terms of paragraph 9 of the Recording Agreement; and (3)

Counterclaimants never exercised any (purported) right to terminate the Recording

Agreement.  Furthermore, to the extent that the allegations contained in paragraph

114 of the Counterclaim purport to restate, characterize or summarize the terms of

Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and

Counter-defendants deny the allegations contained in paragraph 110 to the extent

that they are inconsistent with Exhibit "A."

115.   Counter-defendant denies the allegations of paragraph 115.

116.    Counter-defendants admit only that Counter-defendant Lumpkin briefly traveled out of the state of Maryland "during the summer months" of 2007, but denies that he was ever "inaccessible."

117.    Counter-defendants admit only that, on or about October 3, 2007, they filed an action entitled *Pa Pah Productions, Inc. and Elgin Baylor Lumpkin p/k/a "Ginuwine' v. King Music Group, Inc., Michael Bourne and DOES 1-10*, in the State Supreme Court of the State of New York, County of New York, and assigned case no. 07603262 ("New York state action").  Counter-defendants deny the remaining allegations of paragraph 117.  To the extent that the allegations contained in paragraph 117 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "B," a true and correct copy of which is attached to the Complaint as Exhibit "B," Counter-defendants state that Exhibit "B" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 117 to the extent that they are inconsistent with Exhibit "B."

118.    Counter-defendants deny the allegations contained in the first sentence of paragraph 118.  Counter-defendants lack sufficient information or belief on which to answer the remaining allegations of paragraph 118 and, on that ground, deny the allegations.

119.    Counter-defendants lack sufficient information or belief on which to answer the allegations contained in the first sentence of paragraph 119 and, on that ground, deny the allegations.  Counter-defendants deny that Mr. Bourne was not represented by independent counsel.

120.    To the extent that the allegations contained in paragraph 120 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "C," a true and correct copy of which is attached to the Complaint as Exhibit "C," Counter-defendants state that Exhibit "C" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 120 to the extent that they are inconsistent with Exhibit "C."

121.    To the extent that the allegations contained in paragraph 121 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "C," a true and correct copy of which is attached to the Complaint as Exhibit "C," Counter-defendants state that Exhibit "C" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 121 to the extent that they are inconsistent with Exhibit "C."  Counter-defendants deny that Mr. Bourne "timely" paid the sums of $250,000 and $100,000 to Counter-defendants.

122.    To the extent that the allegations contained in paragraph 122 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit

"C," a true and correct copy of which is attached to the Complaint as Exhibit "C,"
Counter-defendants state that Exhibit "C" speaks for itself, and Counter-defendants
deny the allegations contained in paragraph 122 to the extent that they are
inconsistent with Exhibit "C." Counter-defendants further deny that Counter-
defendant Lumpkin "share[s] title in the company's Rolls Royce."

123.   To the extent that the allegations contained in paragraph 123 of the
Counterclaim purport to restate, characterize or summarize the terms of Exhibit
"C," a true and correct copy of which is attached to the Complaint as Exhibit "C,"
Counter-defendants state that Exhibit "C" speaks for itself, and Counter-defendants
deny the allegations contained in paragraph 123 to the extent that they are
inconsistent with Exhibit "C."

124.   To the extent that the allegations contained in paragraph 124 of the
Counterclaim purport to restate, characterize or summarize the terms of Exhibit
"C," a true and correct copy of which is attached to the Complaint as Exhibit "C,"
Counter-defendants state that Exhibit "C" speaks for itself, and Counter-defendants
deny the allegations contained in paragraph 124 to the extent that they are
inconsistent with Exhibit "C."

125.   Counter-defendants admit that a copy of the New York state action is
attached as Exhibit "B" to the Complaint. To the extent that the allegations

contained in paragraph 125 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "B" or Counter-defendants' Complaint in this action, Counter-defendants state that Exhibit "B" and the instant Complaint speak for themselves, and Counter-defendants deny the allegations contained in paragraph 125 to the extent that they are inconsistent with Exhibit "B" and their instant Complaint.

126.   To the extent that the allegations contained in paragraph 126 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "C," a true and correct copy of which is attached to the Complaint as Exhibit "C," Counter-defendants state that Exhibit "C" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 126 to the extent that they are inconsistent with Exhibit "C."

127.   Counter-defendants lack sufficient information or belief on which to answer the allegations of paragraph 127 and, on that ground, deny the allegations.

128.   Counter-defendants admit only that, in or about November 2007, after having repeatedly and unsuccessfully requesting access to the recording line of credit, Counter-defendants representative, at the express request of Mr. Bourne, submitted a proposed budget.  Counter-defendants deny that Counterclaimant was granted the unfettered decision on whether or not to "approve" the budget.

Counter-defendants deny the remaining allegations of paragraph 128 and further state that: (1) Counterclaimants never initiated, requested or participated in "good faith negotiations" for the execution of a Co-Publishing Agreement with Counter-defendants, thereby failing to satisfy a condition precedent for their ability to terminate the Recording Agreement; (2) Counterclaimants commenced performance under the terms of the Recording Agreement, thereby waiving any right to insist upon the terms of paragraph 9 of the Recording Agreement; and (3) Counterclaimant never exercised any (purported) right to terminate the Recording Agreement.  Furthermore, to the extent that the allegations contained in paragraph 128 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 128 to the extent that they are inconsistent with Exhibit "A."

129.   Counter-defendants deny the allegations of paragraph 129 and further state that: (1) Counterclaimants never initiated, requested or participated in "good faith negotiations" for the execution of a Co-Publishing Agreement with Counter-defendants, thereby failing to satisfy a condition precedent for their ability to terminate the Recording Agreement; (2) Counterclaimants commenced performance under the terms of the Recording Agreement, thereby waiving any

right to insist upon the terms of paragraph 9 of the Recording Agreement; and (3) Counterclaimant never exercised any (purported) right to terminate the Recording Agreement.  Furthermore, to the extent that the allegations contained in paragraph 129 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 129 to the extent that they are inconsistent with Exhibit "A."

130.   Counter-defendants deny the allegations of paragraph 130.

131.   Counter-defendants deny the allegations of paragraph 131 and further states that: (1) Counter-defendants are excused from any obligations under the Recording Agreement as a result of Counterclaimants' breach of material term(s) of the Settlement Agreement, as it relates to the Recording Agreement, and (2) Counter-defendants are obligated to mitigate their damages following Counterclaimants' unjustified breach of the Settlement Agreement.

132.   Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

133.   Counter-defendants deny the allegations of paragraph 133.

134.   Counter-defendants deny the allegations of paragraph 134.

135.    To the extent that the allegations contained in paragraph 135 of the Counterclaim purport to restate, characterize or summarize the terms of Exhibit "A," Counter-defendants state that Exhibit "A" speaks for itself, and Counter-defendants deny the allegations contained in paragraph 135 to the extent that they are inconsistent with Exhibit "A."

136.    Counter-defendants deny the allegations of paragraph 136 and further state that: (1) Counter-defendants are excused from any obligations under the Recording Agreement as a result of Counterclaimants' breach of material term(s) of the Settlement Agreement, as it relates to the Recording Agreement, and (2) Counter-defendants are obligated to mitigate their damages following Counterclaimants' unjustified breach of the Settlement Agreement.

137.    Counter-defendants deny the allegations of paragraph 137.

138.    Counter-defendants deny the allegations of paragraph 138.

139.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

140.    Counter-defendants deny the allegations of paragraph 140.

141.    Counter-defendants deny the allegations of paragraph 141.

142.    Counter-defendants deny the allegations of paragraph 142.

143.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

144.    Counter-defendants deny the allegations of paragraph 144.

145.    Counter-defendants deny the allegations of paragraph 145.

146.    Counter-defendants deny the allegations of paragraph 146.

147.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

148.    Counter-defendants deny the allegations of paragraph 148.

149.    Counter-defendants deny the allegations of paragraph 149.

150.    Counter-defendants deny the allegations of paragraph 150.

151.    Counter-defendants deny the allegations of paragraph 151.

152.    Counter-defendants deny the allegations of paragraph 152.

153.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

154.    Counter-defendants deny the allegations of paragraph 154.

155.    Counter-defendants deny the allegations of paragraph 155.

156.    Counter-defendants deny the allegations of paragraph 156.

157.    Counter-defendants deny the allegations of paragraph 157.

158.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

159.    Counter-defendants deny the allegations of paragraph 159.

160.    Counter-defendants deny the allegations of paragraph 160.

161.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

162.    Counter-defendants deny the allegations of paragraph 162.

163.    Counter-defendants deny the allegations of paragraph 163.

164.    Counter-defendants deny the allegations of paragraph 164.

165.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

166.    Counter-defendants deny the allegations of paragraph 166.

167.    Counter-defendants deny the allegations of paragraph 167.

168.    Counter-defendants deny the allegations of paragraph 168.

169.    Counter-defendants incorporate their response to paragraphs 87 through 131 as though fully set forth herein.

170.    Counter-defendants deny that the Settlement Agreement is of no force and effect.  Counter-defendants admit only that as a result of Counterclaimants' breach of the Settlement Agreement, the terms of the Recording Agreement as to

Counter-defendants are no longer effective, including the non-compete clause of the Recording Agreement. Counter-defendants deny the remaining allegations of paragraph 170.

171. Subject to Counter-defendants' response to paragraph 170 above, Counter-defendants deny the allegations of paragraph 171.

172. Counter-defendants deny the allegations of paragraph 172.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim Upon Which Relief May Be Granted)**

173. Counter-defendants allege that the Counterclaim, and each purported cause of action alleged therein, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
**(Excused from Performance)**

174. As a result of Counterclaimants' breach of the Settlement Agreement, Counter-defendants are excused from performing any obligations imposed by the Settlement Agreement, including the non-compete clause of the Recording Agreement.

## THIRD AFFIRMATIVE DEFENSE

### (Condition Precedent)

175.    The Counterclaims are barred because Counterclaimants' have failed to comply with a condition precedent to termination of the Recording Agreement.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

176.    Counterclaimants are barred, estopped and precluded from recovery herein pursuant to the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

177.    Counter-defendants deny that any act or omission to act alleged against Counter-defendants, or any acts or omissions to act on the part of any persons or entities for whose acts or omissions Counter-defendants is or may have been legally responsible, was a substantial cause or contributed to in any manner or to any degree to any losses or damages for which recovery is sought by Counterclaimant.

## SIXTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

178.    Counter-defendants properly took all reasonable, available actions to mitigate and prevent additional harm.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

179.   Counterclaimants are equitably or promissorily estopped from recovering any of the relief they seek.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

180.   Counterclaimants have waived its right to recover any of the relief they seek.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

181.   Counterclaimants are guilty of unclean hands and therefore are barred from recovering any of the relief they seek.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Care)

182.   Counterclaimants did not exercise ordinary care, caution and prudence in connection with the transactions and events that are alleged in the Counterclaim. This lack of care, caution and prudence was independent and unrelated to the actions, if any, of Counter-defendants.  Counterclaimants, therefore, are barred from recovering from Counter-defendants, or alternatively, Counterclaimants' recovery, if any, should be proportionately reduced.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Lack Of Consideration)

183.   All causes of action alleged in the Counterclaim based upon the Recording Agreement are barred because the Recording Agreement is unenforceable for lack of consideration.

## TWELFTH AFFIRMATIVE DEFENSE

### (Justification)

184.   The practices alleged by Counterclaimants are not unfair or improper because the practice was justified.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Compliance With Underlying Laws)

185.   Counter-defendants complied with all relevant underlying laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

186.   Counterclaimants lack standing to pursue the Counterclaims.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Justiciable Controversy)

187.   Counterclaimants' have failed to allege a justiciable controversy.

WHEREFORE, Counter-defendants prays for relief as follows:

1.    That Counterclaimants take nothing by their Counterclaim, and that the same be dismissed with prejudice;

2.    That Counter-defendants be awarded their costs of suit, including reasonable attorneys' fees, pursuant to the terms of the Settlement Agreement; and

3.    For such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Local Rule 38-1, Counter-defendants hereby demand a trial by jury.

Respectfully submitted, this 9th day of April, 2008.

LOCKE LORD BISSELL & LIDDELL, LLP

By:  _____/s/ David Greene_____
        David Greene
        dgreene@lockelord.com
        Joseph N. Froehlich
        jfroehlich@lockelord.com
    Locke Lord Bissell & Liddell LLP
    885 Third Avenue, 26th Floor
    New York, New York 10022
    (212) 947-4700 (Telephone)
    (212) 947-1202 (Fax)

By:  _____/s/ Brandon J. Witkow_____
        Brandon J. Witkow
        bwitkow@lockelord.com
        (Admitted Pro Hac Vice)
        Cory Baskin

cbaskin@lockelord.com
(Admitted Pro Hac Vice)
Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, 8th Floor
Los Angeles, California 90071
(213) 687-6781 (Telephone)
(213) 341-6781 (Fax)
Attorneys for Plaintiffs Pa Pah Productions, Inc. &
Elgin Baylor Lumpkin p/k/a Ginuwine