UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Pa Pah Productions, Inc. and Elgin Baylor Lumpkin p/k/a Ginuwine,

    Plaintiff(s),

against

King Music Group, Inc., King Music Group, LLC, M&A Holdings, LLC, Michael Bourne and DOES 1-10, inclusive,:

    :Defendant(s).

08 CV 0391 (AKH)

**CIVIL CASE MANAGEMENT PLAN**



USDC SDNY
DOCUMENT
ELECTRONIC...
DOC #:
DATE F... 4/11/08

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal rules of Civil Procedure.

A. The case is to be tried to a jury.

B. Non-Expert Discovery:

   1. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by October 1, 2008, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

      a. The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

   2. Joinder of additional parties must be accomplished by April 15, 2008.

   3. Amended pleadings may be filed without leave of the Court until April 15, 2008.

C. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

   1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall

        agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. the last day for filing dispositive motions shall be November 1, 2008.

        a.    There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.    Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2.    Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is September 29, 2008, at 10:00 a.m.

3.    Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any issue counsel or the Court wish to discuss. The Case Management Conference will be held on ~~10/17/08~~ 10/17/08 9:30 a.m.

E.    Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and shall include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modification dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.    A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G.    Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

SO ORDERED.

DATED:   New York, New York

4-11, 2008

_____
ALVIN K. HELLERSTEIN
United States District Judge

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
| --- | --- |
| 1. Request for the Production of Documents | Service and responses to be completed by July 1, 2008 |
| 2. Interrogatories | Service and responses to be completed by July 1, 2008 |
| 3. Requests for Admissions | Service and responses to be completed by October 1, 2008 |
| 4. Depositions (approximately 10 party/non-party depositions) | October 1, 2008 |
| 5. Initial Disclosures | April 25, 2008 |
| | |

## ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFFS' CLAIMS:**

   Plaintiffs' Complaint arises out of Defendants' breach of the parties' Settlement Agreement, dated October 9, 2007, which agreement resolved previous litigation relating to Defendants' breach of the parties' Recording Agreement, dated May 9, 2007. Here, Plaintiffs assert claims for breach of contract, fraud and negligent misrepresentation, and seek compensatory damages, punitive damages, the imposition of a constructive trust, an accounting, and attorneys' fees and costs from Defendants. Specifically, Plaintiffs seek compensatory damages comprised of, among other things: (1) $250,000, which, pursuant to the Settlement Agreement, was to be paid to Plaintiff upon delivery of his first album to Defendants; (2) approximately $315,000, representing the value of the 2005 Rolls Royce to be provided to Plaintiff pursuant to the Settlement Agreement, (3) an accounting of and a one-half interest in King Music Group, Inc./King Music Group, LLC, pursuant to the Settlement Agreement, and (4) an accounting of and 50% of the net profits from the sale of all albums, merchandise, endorsements, and touring pursuant to the Settlement Agreement. In addition, Plaintiffs seek compensatory damages for lost professional/business opportunities as a result of Defendants' breach of the Settlement Agreement. Plaintiffs will identify and quantify the precise nature and amount of such damages no later than October 28, 2008, but estimate such damages to be in excess of $500,000.

   Finally, Plaintiffs seek a declaratory judgment that Defendants have breached the clear and explicit terms of the parties' Settlement Agreement and, as a result, Plaintiff is excused from any further performance under the terms of the Settlement Agreement, including the non-competition clause of the Recording Agreement.

2. **COUNTERCLAIMS:**

   By the Counterclaims, King Music Group, LLC seeks to rescind the Recording Agreement, as amended, because of Counterclaim-Defendants' failure to satisfy a condition precedent to its formation, *i.e.*, entering into a mandatory Co-Publishing Agreement.

   In the event that the Court determines that the Recording Agreement was formed between the parties, then King Music Group, LLC seeks a negative injunction barring Pa Pah Productions, Inc. ("Pa Pah") from furnishing Elgin Baylor Lumpkin's recording services, and Pa Pah and Lumpkin from, among other things, recording music embodying Lumpkin's vocal and/or musical performances for anyone other than King Music Group, LLC until the expiration of the full term of the Recording Agreement, as amended.

   Further, King Music Group, LLC is entitled to monetary damages arising from Counterclaim-Defendants' breach of the Recording Agreement, as amended. At present, those damages consist of: (i) the monies previously paid to Counterclaim-Defendants, which amount totals $350,000, (ii) the cost of or return of the 2007 Phantom Rolls Royce, which Lumpkin has

failed to return to King Music Group, LLC and (iii) other amounts to be determined in the course of discovery relating to Counterclaim-Defendants' creation, manufacture, distribution and/or sale of unauthorized musical recordings.