# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
PA PAH PRODUCTIONS, INC. and                  :
ELGIN BAYLOR LUMPKIN p/k/a GINUWINE,              08 CV 0391 (AKH)
                                              :   ECF CASE
                         Plaintiffs,
                                              :

            v.                                :

                                              :
KING MUSIC GROUP, INC., KING MUSIC
GROUP, LLC, M&A HOLDINGS, LLC,                 :
MICHAEL BOURNÉ and DOES 1-10 inclusive,
                                              :
                         Defendants.
                                              :
-----------------------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS-COUNTERCLAIMANTS'
## MOTION FOR RECONSIDERATION TO DISMISS THE COMPLAINT

JONATHAN D. DAVIS, P.C.
99 Park Avenue
Suite 1600
New York, New Your 10016
(212) 687-5464
Attorneys for Defendants-Counterclaimants
King Music Group, LLC and Michael Bourné

## **TABLE OF CONTENTS**

Preliminary Statement...................................................................................................1

ARGUMENT...................................................................................................................2

THE COURT SHOULD RECONSIDER ITS
ORDER DENYING DISMISSAL OF THE COMPLAINT ................................................2

    A.  Governing Standards...................................................................................2

    B.  The Court Misapplied the Standard for
         a Motion for Judgment on the Pleadings .................................................3

    C.  The Court Overlooked the Redundancy of
         the Tort Claims under Controlling Authorities........................................4

    D.  The Court Overlooked Plaintiffs' Failure to
         Allege Compliance with a Condition Precedent.....................................10

CONCLUSION...............................................................................................................13

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                          <u>**Page(s)**</u>

*American Civil Liberties Union v. Department of Defense,*
    396 F. Supp.2d 459 (S.D.N.Y. 2005)........................................................................2

*In re BDC 56 LLC,*
    330 F.3d 111 (2d Cir. 2003)....................................................................................2

*Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.,*
    98 F.3d 13 (2d Cir. 1996)........................................................................... 4, 5, 8-10

*Cincinnati Ins. Co. v. Hamilton Beach/Proctor-Silex, Inc.,*
    2006 WL 299064 (N.D. Ill. Feb. 7, 2006) ............................................................12

*Cioce v. County of Westchester,*
    5 Fed. Appx. 48 (2d Cir. 2005)................................................................................2

*Cooper v. Sony Records Int'l,*
    2001 WL 1223492 (S.D.N.Y. Oct. 15, 2001) .........................................................8

*CVC Claims Litigation, LLC v. Citicorp Venture Capital Ltd.,*
    2006 WL 1379596 (S.D.N.Y. May 18, 2006) .......................................................12

*De Jesus v. Sears, Roebuck & Co., Inc.,*
    87 F.3d 65 (2d Cir.), *cert. denied,* 519 U.S. 1007 (1996).......................................4

*Dotson v. Griesa,*
    398 F.3d 156 (2d Cir. 2005), *cert. denied,* 547 U.S. 1191 (2006)...........................3

*DynCorp v. GTE Corp.,*
    215 F. Supp.2d 308 (S.D.N.Y. 2002)....................................................................10

*In re Enron Creditors Recovery Corp.,*
    2007 WL 4302809 (S.D.N.Y. Dec. 6, 2007) ..........................................................2

*Goldman v. Belden,*
    754 F.2d 1069 (2d Cir. 1985)..................................................................................4

*Great Earth Intern. Franchising Corp. v. Milks Dev.,*
    311 F. Supp.2d 419 (S.D.N.Y. 2004).................................................................4, 8

*Hladki v. Jeffrey's Consol., Ltd.,*
    652 F. Supp. 388 (E.D.N.Y. 1987) .......................................................................12

*Keegan v. Jacob Ruppert*,
   2 F.R.D. 8 (S.D.N.Y. 1941) ...................................................................................12

*McCall v. Pataki*,
   232 F.3d 321 (2d Cir. 2000)......................................................................................3

*Medinol Ltd. v. Boston Scientific Corp.*,
   346 F. Supp.2d 575 (S.D.N.Y. 2004).........................................................................5

*Mellencamp v. Riva Music*,
   698 F. Supp. 1154 (S.D.N.Y. 1988)...........................................................................8

*Mills v. Cottrell*,
   2006 WL 3635325 (S.D.N.Y. Dec. 8, 2006) .............................................................8

*Morgenthaler v. First Unum Life Ins. Co.*,
   2006 WL 2463656 (S.D.N.Y. Aug. 22, 2006)............................................................3

*Munafo v. Metro. Transp. Auth.*,
   381 F.3d 99 (2d Cir. 2004)........................................................................................2

*Official Comm. of Unsecured Creditors of Color Tile, Inc., v. Coopers & Lybrand, LLP*,
   322 F.3d 147 (2d Cir. 2003)......................................................................................3

*Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*,
   86 N.Y.2d 685, 636 N.Y.S.2d 734 (1995) ...............................................................11

*Redfield v. Continental Casualty Corp.*,
   818 F.2d 596 (7th Cir. 1987) ..................................................................................12

*Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*,
   748 F.2d 774 (2d Cir. 1984)......................................................................................3

*Shrader v. CSX Trans., Inc.*,
   70 F.3d 255 (2d Cir. 1995)........................................................................................2

*Udell v. Berkshire Life Ins. Co. of America*,
   2005 WL 1243497 (E.D.N.Y. May 25, 2005) ..........................................................12

*U.S. v. Trimble*,
   86 F.R.D. 435 (D.C. Fla. 1980) ..............................................................................12

*WTC Captive Ins. Co., Inc. v. Liberty Mut. Fire Ins. Co.*,
   537 F. Supp.2d 619 (S.D.N.Y. 2008)........................................................................2

**Statutes:**

Rule 9(c), Fed. R. Civ. P. .....................................................................................................11

Rule 12(b)(6), Fed. R. Civ. P. ...........................................................................................1, 3

Rule 12(c), Fed. R. Civ. P. ................................................................................................1, 3

Rule 56, Fed. R. Civ. P ........................................................................................................4

Rule 59(e), Fed. R. Civ. P. ...................................................................................................1

**Other Authorities:**

5-A Wright & Miller, Fed. Prac. & Proc. §1303 ...............................................................12

**Preliminary Statement**

This memorandum of law is respectfully submitted on behalf of Defendants-Counterclaimants Michael Bourné and King Music Group, LLC, formerly known as M&A Holdings, LLC (incorrectly sued separately as "M&A Holdings, LLC" and "King Music Group, Inc.") in support of their motion, pursuant to Rule 59(e), Fed. R. Civ. P. and Rule 6.3 of the Local Rules, for reconsideration of this Court's *sua sponte* order, dated June 20, 2008, denying their Rule 12(c) motion for judgment on the pleadings. The order was made before opposition papers were even due and without the benefit of oral argument.

This Court misapplied and/or misapprehended the standard for determining motions to dismiss. Applying the standard applicable to summary judgment motions, the Court inscribed the face of the Notice of Motion as follows: "Motion Denied. There are **issues of material fact** that preclude a motion under R. 12(b) or 12(c)." (Emphasis added). *See* Appendix attached hereto. In so ruling, the Court departed from its role of determining the sufficiency of the allegations in the complaint, dated January 15, 2008 (the "Complaint"). Movants are required to – and did accept – the truth of the allegations in the Complaint for purposes of the Rule 12(c) motion to dismiss.

The Rule 12(c) motion was focused entirely on the Complaint and undisputed documents attached and made part of it. Because Defendants-Counterclaimants assumed the truth of the allegations in the Complaint, the Court's determination that there are disputed issues of material fact is a misnomer and thus cannot be the basis for the denial of the motion.

Defendants-Counterclaimants' motion was based on the well-settled law as applied to the undisputed facts as alleged. The Court's reluctance to dismiss breach of contract

1

claims masquerading as tort claims (Counts II and III) is contrary to established Second
Circuit authority, which this Court has previously adhered to in its reported decisions. The
Court overlooked Plaintiffs' failure to allege its compliance with the condition precedent
in ruling, without discussion, that there were "issues of material fact" concerning the
breach of contract claim (Counts I and IV). Because the condition precedent was not met,
there was never a contractual relationship capable of breach by Defendants-
Counterclaimants.

For these reasons, as demonstrated in greater detail below, the motion to dismiss
the Complaint should have been granted.

**ARGUMENT**

**THE COURT SHOULD RECONSIDER ITS
ORDER DENYING DISMISSAL OF THE COMPLAINT**

**A.    Governing Standards**

On a motion for reconsideration, the moving party must demonstrate the existence
of "matters or controlling decisions" that the Court originally overlooked. *American Civil
Liberties Union v. Department of Defense*, 396 F. Supp.2d 459, 460 (S.D.N.Y. 2005)
(Hellerstein, J.). The motion must present matters that might be reasonably expected to
"alter the result before the court." *Id.* at 460-61, quoting *Cioce v. County of Westchester*,
5 Fed. Appx. 48, 52 (2d Cir. 2005) and *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir.
2003). The motion should be granted to correct for "clear error" or to "prevent manifest
injustice." 396 F. Supp.2d at 461, citing *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105
(2d Cir. 2004). *See also Shrader v. CSX Trans., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995);
*WTC Captive Ins. Co., Inc. v. Liberty Mut. Fire Ins. Co.*, 537 F. Supp.2d 619, 623
(S.D.N.Y. 2008) (Hellerstein, J.); *In re Enron Creditors Recovery Corp.*, 2007 WL

2

4302809 (S.D.N.Y. Dec. 6, 2007) (Hellerstein, J.); *Morgenthaler v. First Unum Life Ins. Co.*, 2006 WL 2463656 (S.D.N.Y. Aug. 22, 2006) (Hellerstein, J.).

The Court's application of the summary judgment standard to a motion for judgment on the pleadings, and its finding of triable issues of fact where the motion before the Court assumed the truth of the allegations, constitutes "clear error."

The Court overlooked that the allegations underlying the fraud and negligent misrepresentation claims are identical to the allegations that underlie the breach of contract claim, which makes these claims impermissible.

The Court overlooked controlling authority that would require dismissal of such tort claims as redundant of the breach of contract claim.

Finally, the Court overlooked the failure of Plaintiffs to plead compliance with a contractual condition precedent.

**B.    The Court Misapplied the Standard for
a Motion for Judgment on the Pleadings**

Motions to dismiss under Rules 12(b)(6) or 12(c) "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000). As the Second Circuit Court of Appeals has repeatedly ruled, inquiry into the facts by the district court is unwarranted on such motions. *See, e.g.*, *Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005), *cert. denied*, 547 U.S. 1191 (2006) ("where pleadings are legally defective, dismissal is warranted without regard to the factual merits of a plaintiff's underlying claim"); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (district court's task on motion to dismiss is "'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof,'" quoting *Ryder*

3

*Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984)); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir.), *cert. denied*, 519 U.S. 1007 (1996) (motion to dismiss is designed to test the legal sufficiency of the complaint, and thus does not require the court to examine the evidence at issue); *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

Instead of assessing the legal feasibility of the Complaint in accord with the dictates of the Second Circuit for deciding motions to dismiss, this Court, invoking the summary judgment standard under Rule 56, determined that there were issues of material fact and denied the motion. The order is contrary to controlling authority regarding the applicable standard on motions to dismiss.

Even assuming that questions of material fact were relevant on a motion to dismiss, the Complaint and its accompanying documents demonstrate beyond any doubt that there is no material issue of fact with respect to the redundancy of the tort claims, as they are based on specific contractual obligations, and there is no disputed issue of fact that Plaintiffs did not plead compliance with a clear and unambiguous condition precedent contained in the Basic Terms Agreement.

## C.     The Court Overlooked the Redundancy of the Tort Claims under Controlling Authorities

This Court overlooked *Bridgestone/Firestone, Inc. v. Recovery Credit Services, Inc.*, 98 F.3d 13 (2d Cir. 1996), even though referring it to counsel at the preliminary conference on April 11, 2008, in which the Second Circuit Court of Appeals ruled that a claim for fraud cannot be premised on a mere intention not to perform a contractual obligation. As this Court explained in *Great Earth Intern. Franchising Corp. v. Milks Dev.*, 311 F. Supp.2d 419, 428 (S.D.N.Y. 2004) (Hellerstein, J.), referring to "the basic

rule . . . that a tort claim cannot be a reiteration of a breach of contract claim,"
*Bridgestone/Firestone* requires that a fraud or other tort claim be dismissed unless the
plaintiff pleads: (1) that the defendant had a **legal duty separate from its contractual
obligations**; (2) that there was a misrepresentation **collateral or extraneous to the
contract** or (3) the complaint alleges **special damages** not recoverable as contract
damages. *See also Medinol Ltd. v. Boston Scientific Corp.*, 346 F. Supp.2d 575, 606-07
(S.D.N.Y. 2004) (Hellerstein, J.) (fraud claim raised in a case that stems from breach of
contract must be sufficiently distinct from the contract claim).

 The complete identity between the breach of contract claim, on the one hand, and
the fraud and negligent misrepresentation claims, on the other, is evident from the face of
the pleading. As a preliminary matter, each of the claims incorporates by reference the
first 35 paragraphs, without exception, *i.e.*, the introduction and background facts. The
breach of contract claim, paragraphs 36 through 43 (Count I), is then incorporated by
reference in the fraud and negligent misrepresentation claims (Counts II and III).

 More specifically, in Count I of the Complaint for breach of contract, Plaintiffs
allege that Defendants breached the Settlement Agreement:

> 41. Defendants have inexcusably and intentionally failed to
> perform and have openly and notoriously breached their clear and
> admitted obligations by refusing to (1) transfer title, free of all
> liens and encumbrances, to the 2005 Rolls Royce to Lumpkin; (2)
> establish and provide access to a $1 million line of credit for
> recording costs; (3) establish American Express Black card
> accounts for Lumpkin and Bush for recording costs; and (4)

5

> convey Lumpkin a fifty-percent (50%) interest in King Music
> Group. In addition, King Music Group breached its representation
> and warranty contained in the Settlement Agreement by executing
> the agreement as a validly formed and registered entity.

Davis Decl., Exhibit A, at ¶41 of the Complaint, on motion to dismiss.

In Count II, Plaintiffs simply recast the very same breach of contract allegations (paragraphs 36 through 43) as the basis for their fraud claim:

> 45. Bourne, for himself, and for the benefit of King Music Group,
> King Music Group, LLC, and M&A Holdings, made false
> representations of material facts to, and concealed material facts
> from, Plaintiffs concerning the benefits to Plaintiffs in executing
> the exclusive Recording Agreement and the ability of Defendants
> to fund their obligations under the Recording Agreement, and later,
> the Settlement Agreement, the payment of compensation to
> Plaintiffs, the formation of King Music Group as a viable entity,
> the availability and provision of a recording line of credit to pay
> for the recording costs incurred by Plaintiffs in producing an
> album, and the conveyance of a fifty-percent (50%) interest in
> King Music Group to Lumpkin, among other things, as described
> above.

Davis Decl., Exhibit A, at ¶45 of the Complaint, on motion to dismiss. No additional facts are alleged by Plaintiffs that distinguish the nature of the purported fraud perpetrated on Plaintiffs as compared to the breach of contract claim. Instead, the remaining allegations

are garden-variety allegations that purport to plead required elements of a fraud claim (paragraphs 46 through 51).

Plaintiffs then repeat those same illusory fraud allegations verbatim in the guise of a negligent misrepresentation claim in Count III of the Complaint:

> 53. Bourne, for himself, and for the benefit of King Music Group, King Music Group, LLC, and M&A Holdings, made false representations of material facts to, and concealed material facts from, Plaintiffs concerning the benefits to Plaintiffs in executing the exclusive Recording Agreement and the ability of Defendants to fund their obligations under the Recording Agreement, and later, the Settlement Agreement, the payment of compensation to Plaintiffs, the formation of King Music Group as a viable entity, the availability and provision of a recording line of credit to pay for the recording costs incurred by Plaintiffs in producing an album, and the conveyance of a fifty-percent (50%) interest in King Music Group to Lumpkin, among other things, as described above.

Davis Decl., Exhibit A, at ¶53 of the Complaint, on motion to dismiss. Again, no additional facts are alleged that distinguish the nature of the purported negligent misrepresentation against Plaintiffs as compared to the breach of contract claim. Instead, the remaining allegations are boilerplate allegations that purport to plead required elements of a negligent misrepresentation claim (paragraphs 52 through 60).

7

Thus, the allegations in the fraud and misrepresentation claims are based upon the identical contractual obligations alleged in Count I. For this reason, as demonstrated below, these claims should be dismissed as a matter of law.

The first exception of *Bridgestone/Firestone* is clearly not met. Plaintiffs have not alleged that Defendants owed them any legal duty separate and apart from their alleged contractual obligations. Indeed, it is well established under New York law that the relationship between a recording company and its artist is purely contractual. *Mills v. Cottrell*, 2006 WL 3635325 (S.D.N.Y. Dec. 8, 2006) at \*5; *Cooper v. Sony Records Int'l*, 2001 WL 1223492 (S.D.N.Y. Oct. 15, 2001) at \*5-\*6 (citing *Bridgestone/Firestone*); *Mellencamp v. Riva Music*, 698 F. Supp. 1154, 1160 (S.D.N.Y. 1988).

The second *Bridgestone/Firestone* exception – whether the alleged representations are "collateral or extraneous" to the contract – requires a factual inquiry of "whether the contract itself speaks to the issue." *Great Earth Intern. Franchising, supra*, 311 F. Supp.2d at 426-27. This exception is not satisfied by any allegation in the Complaint.

The generalized, non-specific allegations in paragraphs 45 and 53 of the Complaint that Bourné "made false representations of material facts to, and concealed material facts from, Plaintiffs concerning the benefits to Plaintiffs in executing the exclusive Recording Agreement and the ability of Defendants to fund their obligations under the Recording Agreement, and later, the Settlement Agreement" do not allege any misrepresentations that are "collateral or extraneous" to the agreements. Instead, they refer to the benefits or consideration to Plaintiffs under the contracts and Defendants-Counterclaimants' intentions in fulfilling their specific obligations under those contracts. Such allegations

8

clearly do not give rise to independent tort claims under *Bridgestone/Firestone* and its progeny.

Similarly, the terms for "payment of compensation to Plaintiffs," which Plaintiffs allege in paragraphs 45 and 53 of the Complaint were misrepresented, are set forth in the Basic Terms Agreement at paragraph 3 and in the Recording Agreement at paragraphs 6 through 8. There is no alleged misrepresentation regarding the terms of payment separate and apart from what is expressly provided by the contracts.

The alleged misrepresentation alleged in paragraphs 45 and 53 regarding "the formation of King Music Group, as a viable entity" refers to a specific contractual obligation of the Inducement Letter agreed to by the "Company" and providing that "Company has the right to enter into the Agreement and to assume all of the obligations, warranties and undertakings to you on the part of the Company contained therein." Exhibit A to Davis Decl., at Exhibit A, on motion to dismiss, Inducement Letter at ¶ 1(b).

Moreover, the Court overlooked the specific terms of the Settlement Agreement by which Plaintiffs purported to obtain an interest in King Music Group, Inc. (underlining added) even after alleging in a prior settled lawsuit filed in New York State Supreme Court that such an entity did not exist. The Court disregarded these facts which estopped Plaintiffs from denying the existence of King Music Group, Inc. Exhibit A to Davis Decl., at Exhibit C, on motion to dismiss.

The allegations in paragraphs 45 and 53 of the Complaint regarding "the availability and provision of a recording line of credit to pay for the recording costs incurred by Plaintiffs in producing an album, and the conveyance of a fifty-percent (50%) interest in King Music Group to Lumpkin" are specific terms of the Settlement

Agreement, Exhibit A to Davis Decl., at Exhibit C, on motion to dismiss, and are
expressly asserted as breaches of that agreement in Count I of the Complaint.

With respect to the third exception under *Bridgestone/Firestone*, Plaintiffs have
not alleged any "special damages" that are "unrecoverable as contract damages."
*DynCorp v. GTE Corp.*, 215 F. Supp.2d 308, 326-27 (S.D.N.Y. 2002) (Hellerstein, J.).

In sum, the Court overlooked the complete identity between the purported tort
claims and the contractual obligations recited in the agreements, which Plaintiffs made a
part of their Complaint, requiring dismissal under *Bridgestone/Firestone* as a matter of
law.

### D. The Court Overlooked Plaintiffs' Failure to Allege Compliance with a Condition Precedent

The Basic Terms Agreement at ¶3(a) provides for the payment of Artist Advances,
subject to an express condition precedent, as follows:

> Albums 1-3: $1,000,000 per Album. Company shall pay you, as a non-returnable Advance **(subject to paragraph 9 below)**, $750,000 (to be deducted equally from each of the Recording Funds for Albums 1-3, *i.e.*, $250,000 from the each such Recording Fund), paid as follows: $500,000 upon full execution of this Agreement ('Execution Advance'); and $250,000 upon Delivery of Album 1. (Emphasis added).

Exhibit A to Davis Decl., at Exhibit A, on motion to dismiss.

Paragraph 9 of the Basic Terms Agreement, as referenced in ¶3(a), provides, as
follows:

> In order to induce Company to execute this Agreement (it being to Artist's benefit as a recording artist that Company execute same) and to pay good and valuable consideration inuring to Artist's benefit under this Agreement, Artist hereby agrees that Company shall not be obligated or required to allow Artist to commence recording the Album to be delivered in connection with the Recording Commitment for the initial Contract Period of the

10

> Agreement, **unless the parties hereto negotiate and execute a co-publishing agreement** (the 'Co-Publishing Agreement').    In the event the parties fail, after good faith negotiations, to execute a Co-Publishing Agreement within the time prescribed in the preceding sentence, Company shall have the right to terminate this Agreement. (Emphasis added).

Exhibit A to Davis Decl., at Exhibit A, on motion to dismiss.

The Court overlooked each of these provisions in the Basic Terms Agreement, which require the parties to negotiate and execute a Co-Publishing Agreement before "Company" would have any obligation to pay advances for recording costs or permit Lumpkin to commence recording. Moreover, the same provision affords the "Company" the absolute right to terminate the Recording Agreement if a Co-Publishing Agreement is not negotiated and executed. Plaintiffs do not dispute that the parties never entered into a Co-Publishing Agreement. Davis Decl., Exhibit A, on motion to dismiss.

The Court also overlooked the fact that that Defendants-Counterclaimants never gave written approval for an "Authorized Budget," as required in ¶4.01 of the Recording Agreement, Exhibit A to Davis Decl. at Exhibit A, on motion to dismiss.  Plaintiffs' demand for advances for recording costs was, at the very least, premature on this ground.

The Court of Appeals of New York has ruled that a condition precedent may not be excused when it is a "material part" of the parties' agreement. *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 690, 636 N.Y.S.2d 734, 737 (1995). The Basic Terms Agreement provides that the requirement of a Co-Publishing Agreement was "to induce Company to execute this Agreement . . . and to pay good and valuable consideration inuring to Artist's benefit under this Agreement . . . ." Exhibit A to Davis Decl., at Exhibit A, on motion to dismiss. There is no issue of material fact regarding the

11

conditions precedent contained in the very agreements that Plaintiffs sued upon and incorporated by reference in the Complaint.

The Court disregarded Plaintiffs' obligation to plead generally that "all conditions precedent have occurred or been performed," as mandated by Rule 9(c), Fed. R. Civ. P. The failure to include any allegations regarding the satisfaction of conditions precedent requires mandatory dismissal. *See*, *.e.g.*, *CVC Claims Litigation LLC v. Citicorp Venture Capital Ltd.*, 2006 WL 1379596 (S.D.N.Y. May 18, 2006) at *4 ("Plaintiff has failed to allege, even generally, that the conditions precedent were performed or had occurred."); *Udell v. Berkshire Life Ins. Co. of America*, 2005 WL 1243497 (E.D.N.Y. May 25, 2005) at *5 (dismissing breach of contract claim which failed to allege even generally performance of condition precedent); *Keegan v. Jacob Ruppert*, 2 F.R.D. 8 (S.D.N.Y. 1941). *See also Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 610 (7th Cir. 1987) ("The appropriate remedy for a plaintiff's failure to allege compliance with conditions precedent is dismissal without prejudice."); *Cincinnati Ins. Co. v. Hamilton Beach/ Proctor-Silex, Inc.*, 2006 WL 299064 (N.D. Ill. Feb. 7, 2006) at *4 (same); *Hladki v. Jeffrey's Consol., Ltd.*, 652 F. Supp. 388, 393 (E.D.N.Y. 1987); *U.S. v. Trimble*, 86 F.R.D. 435 (D.C. Fla. 1980); 5-A, Wright & Miller, Fed. Prac. & Proc. §1303.

Because the Plaintiffs have not pleaded the satisfaction of the condition precedent *i.e.*, the negotiation and completion of a Co-Publishing Agreement, there is no issue of material fact that Defendants-Counterclaimants are without obligation to make advances for recording costs or to otherwise confer any benefits on Plaintiffs under the Recording Agreement or Settlement Agreement, or that Defendants-Counterclaimants did not breach either of those agreements.

## CONCLUSION

For all the foregoing reasons, the Court should grant Defendants-Counterclaimants' motion for reconsideration, and, upon reconsideration, enter an order dismissing Counts I through IV of the Complaint; or, alternatively, dismissing Counts II and III of the Complaint for failure to allege tort-based claims independent of the contractual obligations; dismissing Counts I through IV of the Complaint against King Music Group, Inc.; and for such other and further relief as the Court deems just and proper.

Dated:    June 27, 2008
          New York, New York

JONATHAN D. DAVIS, P.C.

By:
          Jonathan D. Davis (JD 5712)
          99 Park Avenue
          Suite 1600
          New York, New York 10016
          (212) 687-5464
          Attorneys for Defendants-
          Counterclaimants King Music Group,
          LLC and Michael Bourné

13

**APPENDIX**

Case 1:08-cv-00391-AKH    Document 27    Filed 06/20/2008    Page 1 of 1

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK



USDC SDNY COPY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/08

```
------------------------------------------------------x
PA PAH PRODUCTIONS, INC. and          :
ELGIN BAYLOR LUMPKIN p/k/a GINUWINE,        08 CV 0391 (AKH)
                                       :    ECF CASE
                   Plaintiffs,
                                       :    NOTICE OF MOTION
       v.                              :
KING MUSIC GROUP, INC., KING MUISC     :
GROUP, LLC, M&A HOLDINGS, LLC,
MICHAEL BOURNÉ and DOES 1-10 inclusive,:
                   Defendants.         :
------------------------------------------------------x
```

**PLEASE TAKE NOTICE** that upon this Notice of Motion, dated June 11,

2008, the Declaration of Jonathan D. Davis, dated June 11, 2008, with exhibits, and the

accompanying supporting memorandum of law, dated June 11, 2008, and upon all prior

proceedings heretofore had herein, Defendants-Counterclaimants King Music Group,

LLC, formerly known as M&A Holdings, LLC (incorrectly sued separately as "M&A

Holdings, LLC" and "King Music Group, Inc.") and Michael Bourné, by their attorneys,

Jonathan D. Davis, P.C., will move this Court, in accordance with Rule 6.1 of the Local

Civil Rules of the Southern and Eastern Districts, before the Honorable Alvin K.

Hellerstein, at the United States District Courthouse, Courtroom 14D, 500 Pearl Street,

New York, New York 10007, for an order, pursuant to Rules 12(c), Fed. R. Civ. P.,

dismissing the complaint, dated January 15, 2008, for judgment on the pleading as to

Counts I through IV for failure to plead the satisfaction of a condition precedent and,

alternatively, as to Counts II and III for restating a breach of contract claim as one for