IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PA PAH PRODUCTIONS, INC. & ELGIN BAYLOR LUMPKIN p/k/a GINUWINE, <br><br>   Plaintiffs, <br><br> v. <br><br> KING MUSIC GROUP, INC., KING MUSIC GROUP, LLC, M&A HOLDINGS, LLC, MICHAEL BOURNE & DOES 1-10, inclusive, <br><br>   Defendants. | ) ECF Case <br> ) <br> ) <br> ) Civil Action No. 08 CV 0391 (AKH) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### NOTICE OF MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT POWER; MEMORANDUM OF LAW IN SUPPORT THEREOF

**PLEASE TAKE NOTICE** that upon this Notice of Motion, dated September 9, 2008, and the accompanying supporting memorandum of law, dated September 9, 2008, and upon all prior proceedings heretofore had herein, Plaintiffs Pa Pah Productions, Inc. ("Pa Pah") and Elgin Baylor Lumpkin p/k/a Ginuwine ("Lumpkin") (together "Plaintiffs"), by their attorneys, Locke Lord Bissell & Liddell, LLP, will move this Court, before the Honorable Alvin K. Hellerstein, at the United States District Courthouse, Courtroom 14D, 500 Pearl Street, New York, New York 10007, for an Order enforcing the parties August 6, 2008 "Terms of Settlement."  In support of its Motion, Plaintiffs state as follows:

1. On or about May 8, 2007, Defendant King Music Group, LLC, entered into an Exclusive Recording Agreement with Pa Pah, the artist furnishing company for Lumpkin, under which King Music Group, LLC, secured, among other things, the exclusive rights to Lumpkin's recording services (the "Exclusive Recording Agreement").

2. On October 3, 2007, Plaintiffs commenced a lawsuit against King Music Group, Inc., King Music Group, LLC, M&A Holdings, LLC and Michael Bourné (together "Defendants") in New York State Supreme Court (the "State Action") alleging claims for breach of contract, fraud and negligent misrepresentation arising under the Exclusive Recording Agreement.

3. On or about October 9, 2007, the parties hereto entered into the Settlement Agreement, which, among other things, dismissed the State Action, without prejudice, and amended the Exclusive Recording Agreement in certain respects, but did not otherwise affect its terms.

4. On January 15, 2008, the Plaintiffs commenced a lawsuit against King Music Group, Inc., King Music Group, LLC, M&A Holdings, LLC and Bourné in the United States District Court for the Southern District of New York by filing a summons and complaint, dated January 15, 2008, alleging claims for breach of contract, fraud, and negligent misrepresentation arising under the Exclusive Recording Agreement and Settlement Agreement (the "Federal Action").

5. On March 10, 2008, Defendants filed counterclaims for preliminary and permanent injunction, impoundment and destruction, accounting, constructive trust, breach of contract, breach of duty of good faith, unjust enrichment, rescission and declaratory judgment.

6. On August 6, 2008, the parties conducted a mediation before Margaret Shaw of JAMS at her office in New York. The mediation was successful and the parties executed a "Terms of Settlement," which, among other things, required a payment of monies to Plaintiff no later than August 20, 2008, and the preparation of long-form settlement agreements more specifically detailing the agreements reached between the parties.

7. As of August 22, 2008, the parties had finalized the long-form settlement documents, but counsel for Defendants could not confirm that he received the funds to be paid to Plaintiffs, thus frustrating the execution of the settlement documents.

8. As of the date this Motion was filed, September 9, 2008, Defendants' counsel remains unable to confirm receipt of the funds to be paid to Plaintiffs, and is wholly unable to provide any date by which such funds would be available to be paid to Plaintiffs. As a result, due to Defendants' breach of the Settlement Agreement, the parties are unable to execute the settlement documents and effectuate the obligations of the parties contained therein, and further causing Plaintiffs to needlessly expend time and resources to obtain performance of the Settlement Agreement.

9. This Court has the inherent power to enforce settlement agreements reached between litigants in pending cases. *Hensley v. Alcon Laboratories, Inc.*, 277 F.3d 535, 540 (4th Cir. 2002).

10. The parties to this case have agreed to settle the matters in this case. The amount of money Defendants agreed to pay is easily calculated and not subject to any factual disagreement between the parties. There is no reason to delay immediate implementation of the Settlement Agreement.

11. Plaintiffs respectfully request that this Court, within its inherent authority, sanction Defendants in the sum of $9609.00, representing the attorneys' fees and costs expended by Plaintiffs in attending the mediation and preparing the instant Motion to Enforce the Settlement Agreement. *See Chambers v. Nasco*, 501 U.S. 32, 43 (1991). In addition, Plaintiffs respectfully request that this Court sanction Defendants in the additional amount of $500.00 per day until such time as they fully perform all obligations under the Settlement Agreement.

Answering declarations and memorandum of law, if any, shall be served in accordance with Local Rule 6.1(b), unless otherwise agreed to by the parties or ordered by the Court. Respectfully submitted, this 9th day of September, 2008.

                LOCKE LORD BISSELL & LIDDELL, LLP

By: \_\_\_\_\_/s/ David Greene_____
       David Greene
       dgreene@lockelord.com
       Joseph N. Froehlich
       jfroehlich@lockelord.com
Locke Lord Bissell & Liddell LLP
885 Third Avenue, 26th Floor
New York, New York 10022
(212) 947-4700 (Telephone)
(212) 947-1202 (Fax)

By: \_\_\_\_\_/s/ Brandon J. Witkow_____
       Brandon J. Witkow
       bwitkow@lockelord.com
       (Admitted Pro Hac Vice)
       Cory Baskin
       cbaskin@lockelord.com
       (Admitted Pro Hac Vice)
Locke Lord Bissell & Liddell LLP
300 South Grand Avenue, 8th Floor
Los Angeles, California 90071
(213) 687-6781 (Telephone)
(213) 341-6781 (Fax)

Attorneys for Plaintiffs Pa Pah Productions, Inc. & Elgin Baylor Lumpkin p/k/a Ginuwine

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PA PAH PRODUCTIONS, INC. & ELGIN BAYLOR LUMPKIN p/k/a GINUWINE,<br><br>Plaintiffs,<br><br>v.<br><br>KING MUSIC GROUP, INC., KING MUSIC GROUP, LLC, M&A HOLDINGS, LLC, MICHAEL BOURNE & DOES 1-10, inclusive,<br><br>Defendants. | ECF Case<br><br>Civil Action No. 08 CV 0391 (AKH) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT POWER**

**I.    INTRODUCTION & RELEVANT FACTUAL BACKGROUND.**

This case arose out of the failed relationship between Plaintiffs Pa Pah Productions, Inc. ("Pa Pah") and Elgin Baylor Lumpkin p/k/a Ginuwine ("Lumpkin") (together "Plaintiffs") and Defendant Michael Bourne ("Bourne") and Bourne's nascent record label, King Music Group, LLC, (together "Defendants").[1]  The instant action is actually the second suit that Plaintiffs have been forced to file against Defendants due to Defendants' breach of the settlement agreement that was intended to resolve Plaintiffs' original breach of contract action against Defendants.

Specifically, on January 15, 2008, the Plaintiffs commenced the current lawsuit against Defendants alleging claims for breach of contract, fraud, and negligent misrepresentation arising under the parties' Exclusive Recording Agreement and previous Settlement Agreement.  The

---

[1]    Plaintiffs also asserted claims against King Music Group, LLC and M&A Holdings, LLC.

1

Complaint seeks damages for Defendants' fraudulent conduct and otherwise unjustified refusal to comply with their obligations under the parties' May 8, 2007 Recording Agreement and October 9, 2007 Settlement Agreement, which acts or omissions have resulted in significant damage and lost professional opportunities to Plaintiff Lumpkin.[2]

On August 6, 2008, the parties conducted a mediation before Margaret Shaw of JAMS at her office in New York. The mediation was successful and the parties executed a "Terms of Settlement"(hereafter "Settlement Agreement"), which, among other things, required a payment of monies to Plaintiff no later than August 20, 2008 (¶ 3), and the preparation of several long-form settlement agreements more specifically detailing the agreements reached between the parties (¶ 7) (hereafter "settlement documents"). The parties also agreed that the specific settlement terms were to be kept confidential.[3]  (Exh. 1).

As of August 22, 2008, the parties had finalized the long-form settlement documents, but counsel for Defendants, Jonathan Davis, could not confirm that he received the funds to be paid to Plaintiffs, thus frustrating the execution of the settlement documents. (Exhs. 2 & 3). On August 24, 2008, four days after Defendants were to have provided the settlement funds, Plaintiffs' counsel, Brandon J. Witkow, wrote to Mr. Davis to specifically declare Defendant in breach of the Settlement Agreement and warn Mr. Davis that unless such breach was

---

[2]   On March 10, 2008, Defendants filed counterclaims for preliminary and permanent injunction, impoundment and destruction, accounting, constructive trust, breach of contract, breach of duty of good faith, unjust enrichment, rescission and declaratory judgment.

[3]   Because the parties' settlement agreement and related documents contains a confidentiality clause, and so as to comply with Your Honor's Individual Rules (4(A) & (C)), concurrent with the submission of the instant motion, Plaintiffs will fax and mail a letter to Your Honor's chambers attaching the Declaration of Brandon J. Witkow, which includes as exhibits the "Terms of Settlement" executed by the parties at mediation and the subsequent final settlement documents prepared by counsel. As such, the exhibit references contained herein relate to the exhibits attached to Mr. Witkow's declaration.

immediately cured, Plaintiffs would "file a motion to enforce the settlement agreement with Judge Hellerstein." (Exh. 4). On August 25, 2008, Mr. Davis wrote Mr. Witkow to provide an excuse why the settlement funds were still not available but was unable to provide a date certain when such payment could be made. (Exh. 5). On August 27, 2008, Mr. Witkow again wrote Mr. Davis to determine the status of the settlement funds, and to request that Mr. Davis advise the Court that the parties have reached a settlement of this matter thereby mooting Defendants pending Motion for Reconsideration. (Exh. 6). Later that same day, however, not having received a response from Mr. Davis, Mr. Witkow wrote Your Honor's chambers to advise of the settlement and to request that the Motion for Reconsideration be taken off calendar. [Doc. # 30]. Your Honor entered an Order reflecting such request on that same date. [*Id.*]

It was not until September 2, 2008 that Mr. Davis responded by stating that he is "trying to reach Mr. Bourne. I will call as soon as I hear from him." (Exh. 7). On September 4, 2008, 15 days after the payment was to be made, Mr. Witkow again wrote Mr. Davis to again inquire as to the status of the payment. (Exh. 8). Mr. Davis responded on September 5, 2008 that his client is in "frequent communication with Ginuwine and the matter is under control." (Exh. 9). Contrary to Mr. Davis' statements, Plaintiff Lumpkin was not "in frequent communication" with Defendant Bourne and never authorized additional extensions of time to comply with the settlement. (Declaration of Brandon J. Witkow (Witkow Decl."), ¶ 7).

As of the date this Motion was filed, September 9, 2008, Defendants' counsel remains unable to confirm receipt of the funds to be paid to Plaintiffs, and is wholly unable to provide any date by which such funds would be available to be paid to Plaintiffs. As a result, due to Defendants' breach of the Settlement Agreement, the parties are unable to execute the settlement

3

documents and effectuate the obligations of the parties contained therein, and further causing Plaintiffs to needlessly expend time and resources to obtain performance of the Settlement Agreement.

Plaintiffs, having relied upon the representations of Mr. Davis and the signed Settlement Agreement, request this Court to enforce the Settlement Agreement and to impose sanctions against Defendants, in the form of the attorneys' fees and costs incurred by Plaintiffs in attending the mediation and filing the instant motion, for unreasonably and in bad faith multiplying the proceedings in this action. Defendants cannot offer this Court any justification why they cannot comply with the payment terms of the Settlement Agreement and conclude this matter.

## II.     LEGAL ARGUMENT.

### A.     THIS COURT HAS AUTHORITY TO HEAR THIS MOTION AND ENFORCE THE SETTLEMENT AGREEMENT BETWEEN THE PARTIES.

Where the action is still pending or the federal court otherwise has jurisdiction, the parties may move for an order to enforce the settlement agreement. "[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). Before it enforces a settlement agreement, a court must "conclude[ ] that a complete agreement has been reached and determine[] the terms and conditions of that agreement." *Id.* A court can summarily enforce a settlement agreement without a hearing when "a binding settlement bargain is conceded as shown, and the excuse for nonperformance is comparatively unsubstantial." *Autera v. Robinson*, 419 F.2d 1197, 1200 (D.C.Cir.1969), *quoted in Millner v. Norfolk & Western Railway Co.*, 643 F.2d 1005, 1009 (4th Cir.1981). Therefore, "if an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for

4

nonperformance of the agreement is 'comparatively unsubstantial.'" *Hensley*, 277 F.3d at 540 (*quoting Autera*, 419 F.2d at 1197).

In the present case, the court dismissed the action without prejudice, pending settlement, therefore, the federal court retains jurisdiction. [Doc. #30]. The present matter is a dispute over Defendants <u>ability</u> to comply with the terms of the Agreement, rather than the terms of the Agreement. There is no question that the parties negotiated over the course of a full day and then executed a valid and enforceable "Terms of Settlement" at mediation, which clearly and unambiguously required Defendants to pay Plaintiff a sum certain by a date certain (Exh. 1). *See Hensley*, 277 F.3d at 540 ("if an agreement for complete settlement of the underlying litigation, or part of it, has been reached and its terms and conditions can be determined, the court may enforce the agreement summarily as long as the excuse for nonperformance of the agreement is 'comparatively unsubstantial'"). Furthermore, counsel for the parties then proceeded to draft several long-form settlement agreements embodying the terms agreed to at mediation. (Exhs. 2 & 3). Since August 22, 2008, Plaintiffs have been ready, willing and able to execute the settlement agreements but for Defendants unjustified refusal to comply with the payment terms of the Settlement Agreement. (Exhs. 4-9). Accordingly, this court should summarily enforce the Settlement Agreement without a hearing as Defendants' excuse, to the extent there is any, for nonperformance is "comparatively unsubstantial," and order Defendants to immediately make the payment to Plaintiff called for by the Settlement Agreement.

      **B.    THE COURT SHOULD SANCTION DEFENDANTS FOR THEIR REFUSAL TO COMPLY WITH THE SETTLEMENT TERMS AND AWARD PLAINTIFFS THEIR ATTORNEYS' FEES AND COSTS.**

The Court has the power to order specific performance of the Settlement Agreement and to award damages for breach of the Settlement Agreement. *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986) (*citing Hobbs & Co. v. American Investors Management, Inc.,* 576 F.2d 29, 33 & n. 7 (3d Cir. 1978) (breach of the agreement entitled the non-breaching party to

specific performance or an award of unliquidated damages, as appropriate); *Village of Kaktovik v. Watt,* 689 F.2d 222, 230 (D.C.Cir.1982); *see also Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991) (federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation); *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764–766 (1980).

Plaintiffs request that this Court, within its inherent authority, sanction Defendants for their bad-faith conduct in refusing to comply with the terms of the Settlement Agreement, thereby causing Plaintiffs to file the instant motion. *See Roadway Express,* 447 U.S. at 766 ("bad faith" may be found not only in the claims asserted (i.e. frivolous claims) but also in the conduct of the litigation). Plaintiffs respectfully request a sanction in the form of damages paid to Plaintiffs for Defendants' breach of the Settlement Agreement in the amount of $9609.00. This sum represents (1) $3000.00 in attorneys' fees incurred by Plaintiffs in preparing the instant motion and, if necessary, any reply brief (Witkow Decl., at ¶ 9); and (2) the amount of $6609.00 representing the costs incurred by Plaintiffs for the August 6 mediation before Ms. Shaw. (*Id.*, at ¶ 10, Exh. 10).

Finally, Plaintiffs request that this Court enter an Order sanctioning Defendants the sum of $500.00 per day, as future liquidated damages, for each day that Defendants fail to comply with the terms of the Settlement Agreement.

### III.   CONCLUSION.

The parties reached a complete and valid settlement and executed a clear and unambiguous Settlement Agreement. Although Plaintiffs are ready, willing and able to execute the settlement documents, it is undisputed that Defendants have failed to meet their obligations under the terms of that Settlement Agreement. Accordingly, Plaintiff requests that the Court order specific performance of the Settlement Agreement and award damages for the cost of preparing this Motion to Enforce the Settlement Agreement and for the costs incurred by

Plaintiffs in attending the mediation.  Finally, Plaintiffs request that this Court enter an Order sanctioning Defendants the sum of $500.00 per day, as future liquidated damages, for each day that Defendants fail to comply with the terms of the Settlement Agreement.

    Respectfully submitted, this 9th day of September, 2008.

                  LOCKE LORD BISSELL & LIDDELL, LLP

                  By: _____/s/ David Greene_____
                          David Greene
                          dgreene@lockelord.com
                          Joseph N. Froehlich
                          jfroehlich@lockelord.com
                  Locke Lord Bissell & Liddell LLP
                  885 Third Avenue, 26th Floor
                  New York, New York 10022
                  (212) 947-4700 (Telephone)
                  (212) 947-1202 (Fax)

                  By: _____/s/ Brandon J. Witkow_____
                          Brandon J. Witkow
                          bwitkow@lockelord.com
                          (Admitted Pro Hac Vice)
                          Cory Baskin
                          cbaskin@lockelord.com
                          (Admitted Pro Hac Vice)
                  Locke Lord Bissell & Liddell LLP
                  300 South Grand Avenue, 8th Floor
                  Los Angeles, California 90071
                  (213) 687-6781 (Telephone)
                  (213) 341-6781 (Fax)
Attorneys for Plaintiffs Pa Pah Productions, Inc. & Elgin Baylor Lumpkin p/k/a Ginuwine

LA 607536v.1